

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-82,724-01

### EX PARTE JAMES BELL, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 24827-A IN THE 3RD DISTRICT COURT
### FROM ANDERSON COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual assault of an elderly person and sentenced to fifty years' imprisonment. He did not appeal his conviction.

Applicant contends that he has newly-discovered evidence of actual innocence and that the State withheld favorable evidence from the defense. Applicant also contends that trial counsel was deficient for failing to conduct a thorough investigation and discover the exculpatory evidence.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999); *Brady v. Maryland*, 373 US 83 (1963). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court shall also provide the prosecutor with the opportunity to respond to Applicant's claim that material, exculpatory evidence was improperly suppressed. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the DNA report was given to the defense prior to trial. The trial court shall also make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make findings of fact regarding whether the prosecutor improperly suppressed evidence in this cause. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall

be forwarded to this Court within 120 days of the date of this order.  Any extensions of time shall

be obtained from this Court.

Filed:  March 18, 2015
Do not publish